United States District Court
District of Massachusetts

```
_____
                          )
Leon I Gelfgatt,          )
                          )
        Plaintiff,        )
                          )
        v.                )        Civil Action No.
                          )        18-10912-NMG
U.S. Bank National Association; )
                          )
        Defendant.        )
                          )
_____  )
```

MEMORANDUM & ORDER

GORTON, J.

This case involves allegations by plaintiff Leon Gelfgatt ("plaintiff" or "Gelfgatt"), who appears <u>pro</u> <u>se</u>, that his 2010 discharge in bankruptcy altered the stated maturity date of his mortgage, assigned to U.S. Bank National Association ("defendant" or "U.S. Bank"), thereby rendering it null and void.  Gelfgatt contends that the defendant failed to foreclose within the requisite time period required by the Massachusetts Obsolete Mortgage Statute, M.G.L. c. 260, § 33, and thus forfeited its interest in the subject property.

Before the Court are two motions to dismiss by defendant and plaintiff's motion for a preliminary injunction.

**A. Background**

Leon Gelfgatt acquired title to real property located at 75 Garfield Street in Marblehead, Massachusetts, ("the property") in February, 2003.  In February, 2005, in connection with a loan, he executed a promissory note for $343,500 in favor of Homevest Mortgage Corporation ("Homevest").  The same day, he granted a mortgage lien to Mortgage Electronic Registration System ("MERS"), as nominee for Homevest, to secure the note. In July, 2010, MERS assigned the mortgage to U.S. Bank. Plaintiff had previously defaulted on the loan in March, 2010, and subsequently filed for Chapter 7 bankruptcy protection in February, 2012.  He received a discharge of unsecured claims in May, 2012.

Plaintiff filed a complaint related to the property in the Massachusetts Superior Court for Suffolk County in December, 2010 ("Gelfgatt I").  That court dismissed the complaint and the Massachusetts Appeals Court denied his motion for injunctive relief pending appeal and ultimately dismissed the appeal for lack of prosecution.

Gelfgatt filed a second complaint with respect to the property in September, 2012, this time in the Massachusetts Superior Court for Essex County ("Gelfgatt II").  It granted summary judgment for defendant in March, 2015.  Plaintiff's subsequent appeal was dismissed for failure to prosecute in

March, 2018.  Gelfgatt filed a third complaint in Suffolk County
Superior Court in April, 2018, along with an ex parte motion for
endorsement of a lis pendens ("Gelfgatt III").  That court
allowed the ex parte motion and plaintiff recorded the lis
pendens in the Essex South County Registry of Deeds.  Defendant
removed the case to this Court in May, 2018.  He filed a fourth
complaint in Essex County Superior Court in June, 2018, which
defendant removed to this Court in July, 2018 ("Gelfgatt IV").
That case was assigned to another session of this Court but,
because it is related to Gelfgatt III, on July 25, 2018, the
Court allowed plaintiff's motion to consolidate Gelfgatt III and
Gelfgatt IV.

**B. Legal Standard**

To survive a motion to dismiss, a complaint must contain
sufficient factual matter, accepted as true, to "state a claim
to relief that is plausible on its face." Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of
a motion to dismiss, the Court may look only to the facts
alleged in the pleadings, documents attached as exhibits or
incorporated by reference in the complaint and matters of which
judicial notice can be taken. Nollet v. Justices of Trial Court
of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248
F.3d 1127 (1st Cir. 2000).  Furthermore, the Court must accept
all factual allegations in the complaint as true and draw all

-3-

reasonable inferences in the plaintiff's favor. <u>Langadinos</u> v. <u>Am. Airlines, Inc.</u>, 199 F.3d 68, 69 (1st Cir. 2000).  If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. <u>See</u> <u>Nollet</u>, 83 F. Supp. 2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662 (2009).  Threadbare recitals of the legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. <u>Id.</u> Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. <u>Id.</u> at 1950.

## C. Analysis

In the <u>Gelfgatt III</u> complaint, plaintiff contends that U.S. Bank has no right to foreclose on his property because the statute of limitations imposed by the obsolete mortgage statute has run.  He seeks a declaratory judgment to that effect. Defendant responds that a discharge in bankruptcy does not alter the maturity date of the mortgage and that the obsolete mortgage statute does not provide to the contrary.

The obsolete mortgage statute provides, in relevant part, that

> A power of sale in any mortgage of real estate shall not be exercised . . . nor proceeding begun for foreclosure of any such mortgage after the expiration of, . . . in the case of a mortgage in which the term or maturity date of the mortgage is stated, 5 years from the expiration of the term or from the maturity date, unless an extension of the mortgage . . . is recorded before the expiration of such period.

M.G.L. c. 260, § 33.

Thus, a mortgage becomes obsolete and is considered discharged five years after the expiration of the stated term or maturity date of the mortgage.  The statute contains no language supporting plaintiff's interpretation that the acceleration of the maturity date of a note affects the maturity date of the related mortgage.  The mortgage in this case has a stated maturity date of April, 2025.  Pursuant to the obsolete mortgage statute if, after that maturity date, defendant fails to record an extension of its mortgage, it will be discharged in April, 2030, not May, 2017, as plaintiff asserts.

Plaintiff's theory that the acceleration of the note affects the expiration of the mortgage is unsupported by Deutsche Bank Nat. Tr. Co. v. Fitchburg Capital, LLC, 471 Mass. 248 (2015), upon which he relies.  That case pertains to mortgages that provide for terms or maturity dates of the underlying debts. See id. at 249.  It makes no mention of a

purported relationship between an acceleration of payments and the obsolete mortgage statute.  Plaintiff has failed to state a claim upon which relief can be granted and his count I will therefore be dismissed. Cf. Perreira v. Bank of New York Mellon, No. 16-11467-LTS, 2016 WL 6963032, at *3 (D. Mass. Nov. 28, 2016) (allowing motion to dismiss where plaintiff sought a declaratory judgment pursuant to the obsolete mortgage statute based on the theory that acceleration of mortgage payments alters the expiration date of mortgage obligations).

In Count II, Gelfgatt moves this Court to declare his property free of any interest of the mortgagee bank.  For the reasons stated above, that request is without merit. Defendant's motion to dismiss will be allowed as to Count II.

Finally, plaintiff has filed a memorandum of lis pendens. The Massachusetts lis pendens statute provides that a special motion to dismiss

> shall be granted if the court finds that the action or claim is frivolous because . . . it is devoid of any arguable basis in law.

M.G.L. c. 184 § 15(c).

Also for the reasons already provided, plaintiff's claim is devoid of any arguable basis in law. See Sandoval v. Aurora Loan Servs., Inc., No. CIV.A. 11-11994-RGS, 2011 WL 5970918 (D. Mass. Nov. 29, 2011).  Defendant's motion to dismiss the lis pendens

will be allowed and the <u>lis</u> <u>pendens</u> recorded by plaintiff will be dissolved.

In the <u>Gelfgatt IV</u> complaint, plaintiff avers that the mortgage was not validly assigned and that defendant lacks the requisite chain of title.  Those allegations are barred by the doctrine of claim preclusion.  Under Massachusetts law, claim preclusion applies when three elements are satisfied:

> the parties to the prior and present actions must either be identical or in privity; the causes of action must arise out of the same nucleus of operative fact; and the prior action must have produced a final judgment on the merits.

<u>Goldstein</u> v. <u>Galvin</u>, 719 F.3d 16, 23 (1st Cir. 2013) (citing <u>Kobrin</u> v. <u>Board of Registration in Med.</u>, 444 Mass. 837, 832 N.E.2d 628 (2005)).

Those requirements are fulfilled in this case. <u>See</u> <u>Hudson</u> v. <u>MacEachern</u>, 94 F. Supp. 3d 59, 67 (D. Mass. 2015).  Gelfgatt and U.S. Bank were parties to <u>Gelfgatt I</u>, <u>Gelfgatt II</u>, and <u>Gelfgatt III</u>.  To the extent that the <u>Gelfgatt IV</u> complaint alleges claims against Federal Home Loan Mortgage Corporation, it was a party to <u>Gelfgatt I</u>.  Second, the claims in <u>Gelfgatt IV</u> arise out of the same nucleus of operative fact, <u>viz.</u> the mortgage pertaining to the property.  Third, because <u>Gelfgatt I</u> was dismissed for failure to state a claim and <u>Gelfgatt II</u> was dismissed on summary judgment, a prior action produced a final judgment on the merits.  Accordingly, defendant's motion to dismiss the <u>Gelfgatt IV</u> complaint will be allowed.

Finally, because the Court will allow each of defendant's motions to dismiss, plaintiff's motion for a preliminary injunction will be denied as moot.

### ORDER

For the foregoing reasons, the motion of defendant U.S. Bank to dismiss the complaint and <u>lis</u> <u>pendens</u> (Docket No. 5) is **ALLOWED**.   The memorandum of <u>lis</u> <u>pendens</u> filed by plaintiff Gelfgatt is hereby **DISSOLVED**.   The motion of defendant U.S. Bank to dismiss (Docket No. 21) is **ALLOWED**.   Plaintiff's motion for preliminary injunctive relief (Docket No. 16) is **DENIED AS MOOT**.

**So ordered.**


_/s/ *Nathaniel M. Gorton*_____
Nathaniel M. Gorton
United States District Judge

Dated July 27, 2018